UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CRIMINAL NO. 21-726 CJN |
| : | |
| JOSIAH KENYON, : | |
| : | |
| Defendant. : | |

## NOTICE AS TO STATUS OF DETENTION HEARING

The United States of America hereby provides notice to the Court regarding the status of the requested detention hearing for Defendant Josiah Kenyon in preparation for the arraignment hearing set for Monday, January 3, 2022 at 2:30 p.m. Briefly, at his initial appearance in this Court on December 30, 2021, there was some confusion as to whether Defendant had had a detention hearing in the District of Nevada where he was arrested. This notice attempts to provide clarification for the Court and to show that Defendant did have a detention hearing on December 3, 2021 in the District of Nevada. Thus, if Defendant wishes to have the Nevada court's order reviewed, he must now file a motion requesting such relief with the district court. *See* 18 U.S.C. § 3145(b).

## BACKGROUND

Defendant Josiah Kenyon was charged by criminal complaint on November 23, 2021 with a number of crimes related to his behavior on January 6, 2021 while at the United States Capitol building. The charges included violations of 18 U.S.C. § 231(a)(3), civil disorder; 18 U.S.C. § 1361, destruction of government property over $1000; 18 U.S.C. § 111(a)(1) and (b), assault of a federal officer with a dangerous weapon; 18 U.S.C. § 1752(a)(1) and (2), entering and remaining in a restricted building or ground and engaging in disorderly or disruptive

conduct; and 40 U.S.C. § 5104(e)(2)(D) and (F), disorderly conduct and acts of physical violence in the Capitol grounds or buildings. Defendant was later arrested near Reno, Nevada on December 1, 2021 after state authorities conducted a welfare check on Defendant's two young children and discovered that Defendant had an outstanding federal warrant for his arrest. On December 10, 2021, a federal grand jury charged Defendant with similar crimes in a nine-count indictment resulting from Defendant's actions on January 6, 2021. ECF No. 6.

## THE HEARINGS AND THE COURT'S ORDER

On December 3, 2021, Defendant appeared by video for his initial appearance and identity hearing before Magistrate Judge William G. Cobb in the District of Nevada. *See* Exhibit A, Criminal Docket Sheet for *United States v. Kenyon*, No. 21-mj-00134 WGC.[1] Defendant was represented by a local Federal Public Defender and the United States was represented by a local Assistant United States Attorney. *Id*. Defendant waived his identity hearing. *See* Exhibit B, Waiver of Rule 5 & 5.1 Hearings. In the same document, Defendant chose not to waive his preliminary hearing or detention hearing. *Id*. He instead requested that his preliminary hearing be held in the "prosecuting district, at a time set by that court." *Id*.

Notably, although Defendant also could have requested that his detention hearing be held in the prosecuting district, the form appears to indicate by omission that Defendant opted to have his detention hearing on December 3rd in Nevada. *Id*. (the detention hearing box is *not* checked); *see also* Exhibit A, Entry 2. The last paragraph of the Minutes for Entry 2, though, is quite clear and provides:

> Detention hearing held. Pretrial Services recommends the defendant be detained. The government moves for detention. Defense counsel argues for defendant's release with conditions. After consideration of counsels' arguments, the

---

[1] The criminal docket contains entries for 1-2, and 4 through 10.  It is unclear why entry three is missing.

>government's motion is **GRANTED**. The court adopts the findings found in the Pretrial Services Report and oral report. The defendant is ORDERED detained pending further court proceedings in the District of Columbia. Next appearance date in originating district is on a date and time to be determined by the U.S. Marshals Service. Defendant is remanded to the custody of the U.S. Marshals Service for transport to the District of Columbia. IT IS SO ORDERED.

Exhibit A, Entry 2 (emphasis in original). The notes indicate that a full hearing was held. Pretrial services recommended detention. The government agreed with the recommendation and argued for the same. Magistrate Judge Cobb granted the government's motion. Indeed, according to the local AUSA, the court heard argument from the parties for approximately 45 minutes, including whether there was the possibility of Defendant's release to a third party. Ultimately, as the entry reflects, Magistrate Judge Cobb agreed with the government and detained Defendant pending the proceedings in the District of Columbia.

Because Defendant has now been indicted, this Court can arraign Defendant on the new charges at the next scheduled hearing. This Court does not, however, need to conduct a detention hearing as Magistrate Judge Cobb has previously ruled that Defendant should be detained pending further proceedings in this Court. Should Defendant wish to have Magistrate Judge Cobb's detention order reviewed by the district court, he may file a motion with the court pursuant to 18 U.S.C. § 3145(b) and the district court can review the order at that time.

WHEREFORE, given the clarification of the record, the United States respectfully requests that this Court arraign Defendant on the current pending indictment and deny any additional requests for a second detention hearing.

Respectfully submitted,

MATTHEW GRAVES
United States Attorney
D.C. Bar No. 481052

By:       /s/
JENNIFER M. ROZZONI
NM Bar No. 14703
Assistant United States Attorney - Detailee
201 3rd Street, Suite 900
Albuquerque, NM 87102
Tel. No. 505-350-6818
jennifer.m.rozzoni@usdoj.gov